UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Olivia Montiel Herrera,

    Plaintiff,

v.

Pamela Bondi, *United States Attorney General*, Kristi Noem, *Secretary of Homeland Security*, Joseph B. Edlow, *Director, U.S. Citizenship and Immigration Services*, and Gregory File, *Field Office Director, United States Citizenship & Immigration Services*,[1]

    Defendants.

No. 25-cv-01369 (KMM/DLM)

ORDER

This matter is before the Court on Defendants' Motion to Dismiss (Dkt. 5). For the following reasons, the Motion is granted and this matter is dismissed.

### I. BACKGROUND

Plaintiff Oliva Montiel Herrera is a citizen of Mexico. (Dkt. 1 ¶ 10.) She entered the United States on March 15, 1999 in a vehicle that was inspected and admitted by a border agent. (*Id.* ¶ 12.) Now a resident of Minnesota, Montiel Herrera is married to a United States citizen. (*Id.* ¶¶ 5, 11.)

In February 2022, Montiel Herrera's husband filed an I-130 Petition for Alien Relative to classify Montiel Herrera as a spouse of a U.S. citizen, which the United States

---

[1] Joseph B. Edlow has been substituted for Kika Scott and Gregory File has been substituted for Christopher Renard pursuant to Federal Rule of Civil Procedure 25(d).

1

Citizenship and Immigration Services ("USCIS") approved in December 2023. (*Id.* ¶ 13.) Concurrently, Montiel Herrera filed an I-485 Application to Adjust Status. (*Id.* ¶¶ 14, 17.) While her application was pending, USCIS sent Montiel Herrera a request for evidence seeking proof of legal entry. (*Id.* ¶ 14.) In response, she submitted an affidavit and additional evidence. (*Id.*) However, USCIS "did not accept" this evidence and denied Montiel Herrera's I-485 application for failure to prove legal entry. (*Id.*) Montiel Herrera appealed the denial of her application to the Administrative Appeals Office, which was denied for lack of jurisdiction. (*Id.* ¶¶ 15–16.)

On April 11, 2025, Montiel Herrera filed this action alleging violations of the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA"). (*Id.* ¶¶ 19–25.) Specifically, she alleges that she meets the criteria for adjustment of status under 8 U.S.C. § 1255(a), and that USCIS's decision not to grant her adjusted status was arbitrary and capricious. (*Id.* ¶¶ 17, 20, 24.) She asks this Court to grant (or order Defendants to grant) her I-485 application. (*Id.* ¶ 26.) Defendants filed the Motion to Dismiss on July 15, 2025. (Dkt. 5.) Montiel Herrera filed a Response on August 18, 2025 (Dkt. 11) and Defendants replied on August 28, 2025 (Dkt. 12).

## II.   DISCUSSION

Defendants seek to dismiss Montiel Herrera's Complaint for lack of jurisdiction and failure to state a claim. (Dkt. 5); Fed. R. Civ. P. 12(b)(1), (6). Defendants argue that the INA precludes judicial review of status-adjustment denials. (*Id.*) The Court agrees with Defendants that this case must be dismissed for lack of jurisdiction.

The INA grants the Attorney General the authority, "in [her] discretion and under such regulations as [she] may prescribe," to adjust the status of a removable noncitizen to that of a legal permanent resident if the noncitizen meets certain requirements.[2] 8 U.S.C. § 1255(a); *Patel v. Garland*, 596 U.S. 328, 332 (2022) ("'[T]he Attorney General has discretion to adjust the status of an eligible noncitizen who entered the United States illegally to that of lawful permanent resident, forgiving the illegal entry and protecting the noncitizen from removal on that ground.") (citation omitted). Once a final decision regarding a noncitizen's adjustment of status has been made, it is unreviewable by the federal courts. As stated in the INA:

> Notwithstanding any other provision of law . . ., no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B). The Supreme Court has interpreted this jurisdiction-stripping provision strictly, most recently in *Patel v. Garland* where it described § 1252 as "sharply circumscrib[ing] judicial review of the discretionary-relief process." *Patel*, 596 U.S. at 332. There, the Supreme Court held that it lacked jurisdiction to review factual findings made

---

[2] While § 1255(a) identifies only the Attorney General, "Congress has [since] transferred the adjudication functions of the former Immigration and Naturalization Service (INS) to the Secretary of Homeland Security and [her] delegate at [USCIS]." *Thigulla v. Jaddou*, 94 F.4th 770, 775 n.4 (8th Cir. 2024) (cleaned up) (quoting *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1264 n.2 (11th Cir. 2011)).

by the government as part of a § 1255 determination, even where those findings resulted in the noncitizen being deemed ineligible for a status adjustment. *Id.* at 346–47. Based on the text of 8 U.S.C. § 1252(a)(2)(B)(i) and its interpretation in *Patel*, it is clear that Plaintiff's INA claim is precluded from review.

The same is true of Montiel Herrera's claim for relief under the APA. The APA generally acts as an "omnibus judicial-review provision, which permits suit for violations of numerous statutes of varying character that do not themselves include causes of action for judicial review." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 130 (2014); *see* 5 U.S.C. § 702 (setting forth right of judicial review). But "[t]he APA's right to judicial review does not apply when 'statutes preclude judicial review.'" *Thigulla*, 94 F.4th at 774 (quoting 5 U.S.C. § 701(a)(1)). That includes alleged violations in final decisions made under § 1255, like the one here, which are precluded from judicial review under § 1252(a)(2)(B)(ii)'s bar on review of discretionary acts. *See Thigulla*, 94 F.4th at 775–77. Like her INA claim, Montiel Herrera's APA is also barred for lack of jurisdiction.

The Court is not persuaded by Montiel Herrera's attempt to distinguish her case from *Patel* by pointing out that, unlike Patel, she actually qualifies for a status adjustment. (Dkt. 11 at 1–2.) But that fact has no bearing on the reviewability of the decision to deny her application. As the Eighth Circuit has stated, "Section 1255(a)'s text establishes the Attorney General's 'discretion' . . . to adjust applicants' statuses, even after the applicants meet the statutory requirements[.]" *Thigulla*, 94 F.4th at 775. Whether Montiel Herrera could qualify for a status adjustment or not, the Court's review is precluded either way.

Finally, Montiel Herrera suggests for the first time in her Response that her constitutional rights—specifically, her due process rights—were violated. (Dkt. 11 at 1.) Unlike a discretionary decision under § 1255(a), courts are not barred from considering constitutional claims arising from that decisionmaking. *See* 8 U.S.C. § 1252(a)(2)(D). However, Montiel Herrera did not raise these claims in her Complaint, and is not allowed to raise them for the first time here in her Response. *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[A] complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted.)); *Alexander v. Hedback*, No. 11-cv-3590 ADM/JSM, 2012 WL 2004103, at *5 (D. Minn. June 5, 2012) ("Parties cannot raise new causes of action in their briefing of issues."), *aff'd*, 718 F.3d 762 (8th Cir. 2013). Moreover, even had she alleged a violation of her due process rights in her Complaint, she provides neither analysis nor authority for the claim that Defendants' discretionary decision to deny her application for status adjustment constitutes a due process violation.

Because the Court finds that it lacks jurisdiction to review the denial of Montiel Herrera's I-485 application denial, this case must be dismissed. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that a federal court "must dismiss the complaint in its entirety" when the court concludes that it lacks subject-matter jurisdiction); *see also Thigulla*, 94 F.4th at 777–78 (collecting cases).

Based on the above, **IT IS HEREBY ORDERED that:**

1. Defendants' Motion to Dismiss (Dkt. 5) is **GRANTED**; and
2. This matter is **DISMISSED**.

**Let judgment be entered accordingly.**

Date: October 22, 2025               *s/Katherine Menendez*
                                     Katherine Menendez
                                     United States District Judge